# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JENEEN HENKEL,**

    **Plaintiff,**

v.                          **CASE NO.:**

**PODS ENTERPRISES, LLC,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENEEN HENKEL, by and through undersigned counsel, brings this action against Defendant, PODS ENTERPRISES, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida, and she worked in Pinellas County for Defendant.

5. Defendant operates a moving and storage company in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant in or around March 2018.

14. On or about October 24, 2021, Plaintiff's mother suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

15. On or about November 22, 2021, Plaintiff requested FMLA leave to care for her mother.

16. On or about December 20, 2021, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for her mother.

17. On or about January 20, 2022, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA.

18. Plaintiff exercised her rights under the FMLA by requesting and utilizing FMLA leave.

19. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

**COUNT I – FMLA INTERFERENCE**

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as fully set forth herein.

21. Plaintiff required time off from work to care for her a mother, a qualified family member, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

22. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

23. Defendant's actions were willful and done with malice.

24. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

25. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint, as fully set forth herein.

26. Plaintiff required time off from work to care for her mother, a qualified family member, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

28. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of June, 2022.

                    Respectfully submitted,

                    _____
                    **LUIS A. CABASSA**
                    Florida Bar Number: 0053643
                    **WENZEL FENTON CABASSA, P.A.**
                    1110 N. Florida Avenue, Suite 300
                    Tampa, Florida 33602
                    Main Number: 813-224-0431
                    Direct Dial: (813) 379-2565
                    Facsimile: 813-229-8712
                    Email: lcabassa@wfclaw.com
                    Email: gnichols@wfclaw.com
                    **Attorneys for Plaintiff**